**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAMMON RUSSELL BLONNER,

    Defendant - Appellant.

No. 24-6153
(D.C. No. 5:23-CR-00331-JD-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EBEL**, and **KELLY**, Circuit Judges.
_____

Lammon Russell Blonner pleaded guilty to one count of participating in a drug conspiracy, in violation of 21 U.S.C. § 846, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to concurrent terms of 300 and 180 months' imprisonment. Mr. Blonner appealed, and the government moves to enforce the appeal waiver contained in his plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In response to the government's motion to enforce, Mr. Blonner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), along with a motion to withdraw.  We gave Mr. Blonner the opportunity to respond to his counsel's filing, *see id.*, but to date we have received no response from him.

Under *Anders*, we undertake an independent assessment of whether the matter is "wholly frivolous."  *Id.*  *Hahn* directs us to consider three factors:  whether (1) the appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would result in a miscarriage of justice.  *Hahn*, 359 F.3d at 1325.  We conclude it would be wholly frivolous for Mr. Blonner to challenge the enforcement of the appeal waiver.

***Scope of the Waiver***.  Mr. Blonner's waiver covers "the right to appeal [his] guilty plea, and any other aspect of [his] conviction."  Mot. to Enforce, Attach. 1 at 10.  It further covers "the right to appeal [his] sentence . . . and the manner in which the sentence is determined, including its procedural reasonableness."  *Id.*  The only exception, which allows him to appeal the substantive reasonableness of an above-Guidelines sentence, does not apply because his sentence was within the advisory Guidelines range.

Mr. Blonner's docketing statement indicates that he wishes to challenge the calculation of the Sentencing Guidelines range and his counsel's effectiveness.  Both of these issues fall within the broad scope of the waiver of the right to a direct appeal

from the conviction and sentence.[1]  It would be frivolous to contend the appeal is not within the scope of the waiver.

***Knowing and Voluntary Waiver***.  "When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to" the "language of the plea agreement" and "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325.  Here, both the written plea agreement and the transcript of the plea hearing indicate that Mr. Blonner knowingly and voluntarily waived his right to appeal, and nothing in the record indicates that he did not act knowingly and voluntarily.  It would be frivolous to contend he did not knowingly and voluntarily accept the waiver.

***Miscarriage of Justice***.  To qualify as a miscarriage of justice, a defendant must show that (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted).  Mr. Blonner indicates he wishes to challenge his counsel's effectiveness.  But this court generally defers ineffective-assistance claims to collateral proceedings, *see United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc), even

---

[1] In addition, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  Mr. Blonner reserved the right to challenge his counsel's effectiveness in a collateral proceeding.

3

in the context of a motion to enforce, *see Hahn*, 359 F.3d at 1327 n.13. Nothing in the record indicates it would be appropriate to take up the question of ineffective assistance in this direct appeal. And we see nothing in the record that would indicate any of the other grounds for a miscarriage of justice might be satisfied. It would be frivolous to contend that enforcing the waiver would result in a miscarriage of justice.

For these reasons, we grant counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court

Per Curiam